Filed 4/28/22  In re T.G. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re T.G., A Person Coming Under the Juvenile Court Law. | D080038 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J520793B) |
| v. | |
| M.G., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Rohanee Zapanta, Judge.  Conditionally reversed and remanded with directions.

M.G. (Father) appeals from an order issued at the contested disposition hearing where the juvenile court denied his request for reunification services and found without prejudice that the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) did not apply.  Counsel for Father and the San Diego County Health and Human Services Agency (Agency, together the parties)

have conferred and agree that the Agency's investigation under the ICWA was inadequate under the relevant statutory and decisional authority. The parties filed a joint stipulation seeking the issuance of an immediate remittitur. We accept the stipulation, conditionally reverse, and remand for compliance with the ICWA.

In July 2021, Father initially told a social worker that he had no Native American heritage but later disclosed possible Cherokee heritage in his maternal and paternal lineages. Mother, A.M., claimed possible Cherokee ancestry through the maternal great-great-grandmother. Father and Mother ultimately denied Indian ancestry at a hearing held in September 2021.

The parties agree that the Agency did not comply with its initial duty of inquiry in this case by failing to inquire of available extended family members regarding any potential Indian ancestry. (Welf. & Inst. Code, § 224.2, subds. (a) & (b).)[1] Additionally, the Agency did not include all known relatives on its ICWA-030 form, and the Agency sent the ICWA-030 form to some Cherokee tribes before it satisfied its initial inquiry duty.

We also note additional issues not mentioned by the parties. First, the juvenile court failed to order the parents to complete the ICWA-020 form. (Cal. Rules of Court, rule 5.481(a)(2)(C).) Although the parents ultimately denied Indian ancestry, this denial does not "relieve[] the [Agency] of its broad duty to seek that information from 'all relevant' individuals." (*In re Y.W.* (2021) 70 Cal.App.5th 542, 554.) A contrary rule would "ignore[] the reality that parents may not know their possible relationship with or connection to an Indian tribe." (*Ibid.*; *In re S.R.* (2021) 64 Cal.App.5th 303, 314 ["the children's parents apparently had no idea of their family's

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code unless otherwise indicated.

connection to the . . . tribe . . . , even though the children's great-grandmother was a member"].)  Finally, before the juvenile court can make a finding that the ICWA does not apply, it must make a finding that "due diligence as required in this section have been conducted."  (§ 224.2, subd. (i)(2).)

Before reversing or vacating a judgment based upon a stipulation of the parties, an appellate court must find "both of the following:  [¶]  (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal.  [¶]  (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."  (Code Civ. Proc., § 128, subd. (a)(8).)

The present case involves reversible error because the parties agree, and we concur, that the Agency failed to comply with the ICWA and related California provisions.  Because this case would be subject to reversal to permit compliance with ICWA and corresponding California statutes and rules absent the parties' stipulation, a stipulated remand advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8).  (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379-382.)

DISPOSITION

The orders issued at the January 14, 2022, disposition hearing are conditionally reversed and the matter is remanded to the juvenile court with directions that within 30 days of the remittitur, the Agency must file (1) a completed Form ICWA-020 for each parent and (2) a report demonstrating its compliance with the inquiry provisions of the ICWA and section 224.2, subdivision (b), and, if required, conduct further inquiry under section 224.2, subdivision (e).  Within 45 days of the remittitur, the juvenile court must

3

conduct a hearing to determine if the Agency's investigation satisfied its affirmative duty to investigate. The juvenile court has the discretion to adjust these time periods on a showing of good cause.

If neither the Agency nor the juvenile court has reason to believe or to know that T.G. is an Indian child, the orders issued at the January 14, 2022, disposition hearing shall be reinstated. Alternatively, if after completing the inquiry the Agency or the juvenile court has reason to believe that T.G. is an Indian child, the court shall proceed accordingly. The remittitur shall issue immediately.


DATO, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

4